J-S42028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC RAUL MUNIZ | |
| Appellant | No. 1965 MDA 2016 |

Appeal from the Judgment of Sentence November 7, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002483-2016

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:          **FILED SEPTEMBER 19, 2017**

Eric Raul Muniz appeals from the November 7, 2016 judgment of sentence entered in the York County Court of Common Pleas following his convictions for driving under the influence ("DUI"), driving while operating privilege is suspended, and driving vehicle at an unsafe speed.[1]  Muniz's appellate counsel has filed an **Anders**[2] brief and a petition to withdraw from representation.  We affirm and grant counsel's petition to withdraw.

This case stems from a single-vehicle crash on March 6, 2016 at approximately 2:45 a.m.  N.T., 11/7/16, at 8-10 ("N.T.").  Sergeant Adam Garman testified that he arrived at 600 Rathton Road in York County where

---

[1] 75 Pa.C.S. §§ 3802(a)(1), 1543(b)(1), and 3361, respectively.

[2] **Anders v. California** 386 U.S. 738 (1967).

he observed a silver sedan with front-end damage. *Id.* at 8-9. Sergeant Garman testified that he observed a person standing near the vehicle's trunk, who he later determined to be Muniz. *Id.* at 9. Sergeant Garman also observed a person in the passenger seat of the vehicle who appeared to be highly intoxicated. *Id.* at 10. Sergeant Garman testified that when he asked Muniz what had happened, Muniz stated that he swerved to miss a deer and hit the guardrail. *Id.* Muniz further explained that he was going to try to change the tire so that he could drive away. *Id.* at 11. Sergeant Garman testified that the damage to the vehicle was so severe that the vehicle could not be driven away. *Id.*

Sergeant Garman testified that he detected an odor of alcohol while speaking with Muniz and that Muniz's speech was slurred and his eyes were "bloodshot and very glassy." *Id.* at 12. He further testified that Muniz's responses to his questions were slow and deliberate, which are indicators of impairment. *Id.* at 18-19. Sergeant Garman stated that Muniz appeared to be impaired and that Muniz initially denied, but later admitted, consuming alcohol. *Id.* at 13.

Sergeant Garman, who has experience with crash investigation and reconstruction, testified that he concluded that Muniz had not swerved to avoid a deer because the tire marks indicated "that the driver was not in control of the vehicle at the time the vehicle was sliding across the roadway, not being steered by him." *Id.* at 17. Sergeant Garman concluded that

Muniz "was traveling too fast as he came around the corner and was unable to control the vehicle." *Id.*

Upon being asked for license and registration, Muniz provided a Pennsylvania identification card and stated that his license was suspended. *Id.* at 18. Sergeant Garman testified that Muniz performed three field sobriety tests – lack of convergence, walk and turn, and one-leg stand. *Id.* at 19. Muniz's performance on these tests furthered Sergeant Garman's belief that Muniz was impaired. *Id.* at 19-26. Sergeant Garman arrested Muniz for DUI. *Id.* at 26. While in custody, Muniz explained that the crash had taken place within approximately the last three minutes. *Id.* at 13.

On November 7, 2016, following a bench trial, the trial court convicted Muniz of the aforementioned offenses and sentenced him to 3 to 6 months' incarceration on the DUI conviction and a consecutive 90 days' incarceration on the conviction for driving while operating privilege is suspended. Muniz timely filed a notice of appeal.

Because counsel has filed a petition to withdraw pursuant to *Anders* and its Pennsylvania counterpart, *Santiago*,[3] we must address counsel's petition before reviewing the merits of Muniz's underlying claims. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007). We

_____

[3] *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

first address whether counsel's petition to withdraw satisfies the procedural requirements of **Anders**. To be permitted to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Here, counsel has stated that after a conscientious examination of the record, he believes this appeal would be wholly frivolous. Pet. to Withdraw, 4/25/17, at 1. Counsel furnished a copy of the **Anders** brief to Muniz, as well as a letter advising Muniz that he could seek new counsel or proceed *pro se* and "raise any points which [he] deems worth[y] of the Superior Court's attention in a[ddi]tion to the points" raised by counsel. Ltr. to Muniz, 2/3/17. We conclude that counsel's petition to withdraw complies with the procedural dictates of **Anders**.

We next address whether counsel's **Anders** brief meets the requirements established by the Pennsylvania Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the

relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Counsel's brief provided a summary of the procedural history and the facts with appropriate citations to the record. ***Anders*** Br. at 5-7. Counsel's brief states that he conducted a thorough review of the record and determined that any appeal would be frivolous, and set forth his reasons for that conclusion. ***Id.*** at 10-11. Accordingly, counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***.

Muniz has not filed a *pro se* brief or a counseled brief with new, privately-retained counsel. We, therefore, review the issue raised in the ***Anders*** brief.

Muniz raises the following issue: "Whether the Commonwealth presented insufficient evidence as a matter of law in order to support [Muniz]'s conviction of DUI, [driving while operating privilege is suspended,] and driving vehicle at safe speed[.]" ***Anders*** Br. at 4.

We apply the following standard when reviewing a sufficiency of the evidence claim:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a

- 5 -

defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Best***, 120 A.3d 329, 341 (Pa.Super. 2015) (quoting

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa.Super. 2014)).

At the conclusion of trial, the trial court summarized the testimony and evidence it considered in arriving at its conclusion:

> I have listened to the testimony of Sergeant Garman, who is an experienced and trained police officer both in investigating [DUI] cases as well as in accident reconstruction.
>
> Sergeant Garman testified to the events that occurred on March 16th of 2016 in the area of 600 Rathton Road in York County at approximately 2:45 in the morning.
>
> Sergeant Garman testified that there was a single car accident that occurred. He testified to extensive damage to the car as well as damage to the guardrail that the car had evidently run into. He also testified in his experience and expertise in accident reconstruction that the car had not hit something prior to hitting the guardrail, and he made this determination on the basis of tire striation prior to the time the car hit the guardrail. He also pointed out in the video that we observed that the fluid path from the location of the guardrail being struck led back to the car that was driven by [Muniz] that was parked at 600 Rathton.
>
> Sergeant Garman testified to initially seeing several indicators of driving under the influence. Those indicators

were glassy eyes, slurred speech, and a smell of alcohol. He then conducted two[4] field sobriety tests, the walk and turn test and the one legged stand test, and there is a videotape of the [S]ergeant conducting these tests. The videotape was observed by me. The videotape in my opinion clearly shows that Mr. Muniz is impaired when he attempts to perform those tests and is not able to perform those tests.

Under all these circumstances, as well as after learning about [Muniz]'s prior driver's license suspension, we find that [Muniz] is guilty of Count 1, driving under the influence of alcohol after imbibing a sufficient amount of alcohol that he was rendered incapable of safe driving; Count 3, driving while his operating license was suspended and DUI related; and Count 4, driving vehicle at a safe speed.

N.T., at 48-50. We agree. Further, the trial court was free to believe all of Sergeant Garman's uncontradicted testimony. **See Best**, 120 A.3d at 341 (quoting **Harden**, 103 A.3d at 111) ("[T]he [finder] of fact while passing upon the credibility of witnesses . . . is free to believe all, part or none of the evidence."). Therefore, we conclude that the evidence was sufficient to sustain the convictions.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

---

[4] Sergeant Garman testified that he conducted three field sobriety tests and indicated that Muniz failed two of those tests. N.T., at 19, 26.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/19/2017</u>